IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PATRICK FRANKLIN ANDREWS,**

    **Petitioner,**

**v.**                                   **Civil Action No. 1:16CV60**
                                    **Criminal Action No. 1:12CR100**
                                            **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 37][1] AND DISMISSING CASE WITH PREJUDICE**

    Pending before the Court is the Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by the pro se petitioner, Patrick Franklin Andrews ("Andrews"). For the reasons that follow, the Court **DENIES** the amended § 2255 motion (Dkt. No. 37) and **DISMISSES** this case **WITH PREJUDICE.**

## I. BACKGROUND

    On October 2, 2012, a grand jury in the Northern District of West Virginia returned a two count indictment charging Andrews and his co-defendant, Kevin Bellinger ("Bellinger"), with murder by a federal prisoner serving a life sentence, in violation of 18 U.S.C. §§ 1111(a), 1118, and 2, and second degree murder, in violation of 18 U.S.C. §§ 1111(a)-(b), 2, and 7(3) (Case No. 1:12-CR-100, Dkt.

---

[1] All docket numbers, unless otherwise noted, refer to Civil Action No. 1:16-CV-60.

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED
§ 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

No. 41). Finding good cause, the Court granted the defendants' motion to sever the cases on November 26, 2013 (Case No. 1:12-CR-100, Dkt. No. 192). Bellinger proceeded to trial and was convicted by a jury on both counts on June 16, 2014 (Case No. 1:12-CR-100, Dkt. Nos. 485, 486).

Pursuant to a written plea agreement, on April 13, 2015, Andrews pleaded guilty to both counts and joined in a binding sentencing recommendation of life imprisonment (Case No. 1:12-CR-100, Dkt. No. 635, 636). Andrews's plea agreement included a factual stipulation as to the offense and plea in which Andrews agreed that he and Bellinger had stabbed and killed the victim, and that Andrews had "acted unlawfully and with malice aforethought in that he acted willfully and with callous and wanton disregard of human life" (Case No. 1:12-CR-100, Dkt. No. 636 at 3). Andrews repeatedly affirmed this factual stipulation during his Rule 11 hearing (Dkt. No. 44-2 at 11-12, 21-22, 30-31, 32-33). On April 15, 2015, the Court sentenced Andrews to concurrent terms of life imprisonment on each count, to run consecutively to any sentence previously imposed (Case No. 1:12-CR-100, Dkt. No. 639).

Bellinger, meanwhile, had appealed his convictions, arguing in part that the Court had erred when it excluded certain eyewitness

**ANDREWS V. UNITED STATES**　　　　　　　　　　　　　　　　**1:16CV60**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**1:12CR100**

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED
§ 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

testimony concerning threatening statements the victim allegedly made to Andrews just prior to his death (Case No. 1:12-CR-100, Dkt. No. 545). On June 13, 2016, the United States Court of Appeals for the Fourth Circuit vacated Bellinger's convictions and remanded the case, finding that the disputed testimony was not hearsay and was relevant to Bellinger's state of mind and defense of imperfect self-defense (Case No. 1:12-CR-100, Dkt. No. 662). On re-trial, the eyewitness's testimony was admitted and, on August 9, 2017, Bellinger was again convicted by a jury on both counts (Case No. 1:12-CR-100, Dkt Nos. 781, 760).

On April 8, 2016, Andrews timely filed a pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence, which he subsequently re-filed on the court-approved form (Dkt. Nos. 1, 9). He later obtained leave to amend his motion and filed the instant amended § 2255 motion in November 26, 2018, collaterally attacking his conviction based on claims that his counsel was unconstitutionally ineffective and his plea was not voluntary (Dkt. No. 12, 37).

Andrews alleges (1) that he requested but never received grand jury testimony and medical records for a government witness; (2) that his counsel did not fully investigate the defense of self-

**ANDREWS V. UNITED STATES** 1:16CV60
1:12CR100

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

defense; (3) that his counsel failed to move for sanctions against the government for the alleged destruction of exculpatory video surveillance; and (4) that his counsel failed "to subject the government case to a meaningful adversarial process" by "repeatedly" advising Andrews that he could be executed (Dkt. No. 37).

The question presented in this case is whether Andrews satisfied the standard in Strickland v. Washington, 466 U.S. 668 (1984), for establishing ineffective assistance of counsel in violation of the Sixth Amendment. The matter is fully briefed and ripe for decision.

## II. STANDARDS OF REVIEW

**A. Pro Se Pleadings**

The Court must liberally construe pro se pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A pro se petition is subject to dismissal, however, if the court cannot reasonably read the pleadings to state a valid claim on which the petitioner could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**ANDREWS V. UNITED STATES**  1:16CV60
1:12CR100

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED
§ 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

**B.   § 2255 Motions**

Title 28 U.S.C. § 2255(a) permits federal prisoners, who are in custody, to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### III. APPLICABLE LAW

The Sixth Amendment to the United States Constitution guarantees the right to effective assistance of counsel to criminal defendants. In order to meet the two-prong standard established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), a petitioner alleging a Sixth Amendment violation regarding ineffective assistance of counsel must establish both deficient performance and prejudice, based on counsel's actions or inactions:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that

**ANDREWS V. UNITED STATES** 1:16CV60
1:12CR100

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

> the deficient performance prejudiced the defense. This requires the showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.

In order to satisfy Strickland's deficient performance prong, a petitioner must demonstrate that counsel's performance was objectively unreasonable. Id. at 688. The standard for judging attorney performance is "that of reasonably effective assistance, considering all the circumstances." Id. Further, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. A reviewing court must avoid hindsight and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

To satisfy Strickland's prejudicial effect prong, a petitioner "must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id.

Significantly, a defendant bears a higher burden when alleging ineffective assistance of counsel following the entry of a guilty plea, as is the case here. Hill v. Lockhard, 474 U.S. 52, 59

6

**ANDREWS V. UNITED STATES**  1:16CV60
                                1:12CR100

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED
§ 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

(1985). A defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. Absent extraordinary circumstances, a defendant's statement that his plea is both knowing and voluntary is considered conclusive on these issues. Savino v. Murray, 82 F.3d 593, 603 (4th Cir. 1996).

## IV. DISCUSSION

Andrews claims that his counsel's representation was unconstitutionally defective prior to entry of his guilty plea, which prevented him from entering a knowing and voluntary plea (Dkt. No. 37). Under no reasonable analysis of the facts is this a valid claim.

Notably, a defendant's "solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). "[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Id. at 73-74. As the Fourth Circuit has observed:

> [I]n the absence of extraordinary circumstances the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that

**ANDREWS V. UNITED STATES**  1:16CV60
 1:12CR100

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

> contradict sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated–"permit[ting] quick disposition of baseless collateral attacks."

U.S. v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (quoting Blackledge, 431 U.S. at 79 n.19).

Thus, an overarching consideration in reviewing Andrews's claims is his affirmation, under oath, during his plea hearing on April 13, 2015 that his counsel had adequately represented him in the case (Dkt. No. 44-2). At no point during the plea colloquy did Andrews express anything other than complete satisfaction with his attorneys' representation. For example:

> THE COURT: Have your attorneys, Mr. Herndon and Mr. Trainor adequately represented you in this case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have they left anything undone by way of investigating the case or preparing defenses on your behalf that you believe they should have undertaken?
>
> THE DEFENDANT: No.

(Dkt. No. 44-2 at 33).[2]

As Savino establishes, Andrews's statements regarding his voluntariness may be considered conclusive. 82 F.3d at 603.

---

[2] See also Dkt. No. 44-2 at 22-23. Likewise, the plea agreement between the government and Andrews includes the following: "The defendant agrees that there is currently no known evidence of ineffective assistance of counsel . . . ." (Dkt. No. 44-1 at 3).

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

Andrews's own testimony during the Rule 11 hearing therefore renders his claims of pre-plea ineffective assistance of counsel meritless. Nevertheless, the Court will address in turn each specific ground of ineffectiveness raised by Andrews.

**A.   Ground One**

Andrews alleges that his counsel was ineffective because, although requested to do so, they never obtained grand jury testimony and medical records relating to a potential government witness (Dkt. No. 37 at 5). Even if true, Andrews has failed to demonstrate how this amounts to deficient performance or prejudicial representation since the government did not use the witness. Furthermore, Andrews's contention of deficient performance is contradicted by the facts.

Andrews's counsel wrote to the government requesting disclosure of the potential witness's accident, medical records regarding his treatment, and all reports concerning the witness's alleged confusion (Dkt. No. 37-1). Even after the government replied that it no longer intended to use the witness, Andrews's counsel still attempted to obtain the information. Id. Under the circumstances, these actions display reasonably professional conduct by Andrews's counsel. Particularly as they relate to the prejudice prong, Andrews has failed to show how the medical records

**ANDREWS V. UNITED STATES**  1:16CV60
 1:12CR100

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

and grand jury transcript pertaining to a single witness the government never intended to use were material to his decision to plead guilty. Id.

Because Andrews has failed to demonstrate how his counsel's inquiries fell below the level of performance required of competent counsel, or how they affected the outcome of his case, he has not met his burden as to Ground One.

**B.  Ground Two**

Andrews next asserts that his counsel failed to "fully" investigate the "issue of self-defense" because, after his guilty plea, Andrews became aware of an eyewitness at Bellinger's trial who was expected to testify that the victim made threatening statements to Andrews just before his death. (Dkt. No. 37 at 6). As with Ground One, this claim of ineffective assistance of counsel does not satisfy Strictland's high burden of proof.

Regarding the performance prong, counsel's duty to investigate is considered under a reasonableness standard. Specifically, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengable." Strickland, 466 U.S. at 690. In sum, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 691.

10

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

Here, the record is clear that counsel did interview inmate witnesses regarding the murdered inmate's actions and statements (Dkt. No. 37-2). This reflects that counsel had explored the facts and was aware of the potential defense of self-defense, but as a matter of strategy chose not pursue the eyewitness's testimony. Id.

Furthermore, the record establishes that Andrews's counsel provided their work product to Andrews, contravening Andrews's claim that they withheld it from him (Id.; Dkt. No. 47 at 7). Moreover, at his plea hearing, Andrews affirmed that his counsel had left nothing undone by way of investigating the case or considering possible defenses (Dkt. No. 44-2 at 33). Accordingly, Andrews has not met his burden of showing that his counsel's strategic choice not to pursue the defense of self-defense was unreasonable or ineffective.

Regarding the prejudice prong, "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Hill, 474 U.S. at 59. Here, even assuming counsel failed to advise Andrews of the potential defense of self-defense, the eyewitness statement at issue was admitted in Bellinger's re-trial and failed to persuade

11

**ANDREWS V. UNITED STATES** 1:16CV60
1:12CR100

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

the jury, which convicted Bellinger on both counts of murder (Case No. 1:12-CR-100, Dkt. Nos. 781, 760). In light of this, Andrews cannot show by a preponderance of the evidence that the defense of self defense, based on the eyewitness's testimony, likely would have succeeded had he proceeded to trial.

Although not determinative, it is also worth noting that, as to his state of mind, Andrews admitted both in his plea agreement and during his Rule 11 plea hearing that he "acted unlawfully and with malice aforethought in that he acted willfully and with callous and wanton disregard of human life" (Dkt. No. 44-1 at 3, Dkt. No. 44-2 at 11-12, 21-22, 30-31, 32-33).

C.  **Ground Three**

As his Third Ground, Andrews alleges that his counsel was ineffective for "failing to move to sanction against [sic] the government" or to "subpoena the BOP SIS Staff of procedures done or not done that led to the loss of exculpatory evidence" in the form of video footage (Dkt. No. 37 at 8). Despite Andrews's argument otherwise, his counsel's actions were objectively reasonable.

The video footage was the subject of a lengthy pretrial dispute that resulted in the filing of a motion to compel by Andrews's counsel (Case No. 1:12-CR-100, Dkt. No. 142). In denying that motion, the Court made lengthy findings of fact pertaining to

**ANDREWS V. UNITED STATES**                                                                                     1:16CV60
                                                                                                              1:12CR100

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

the video footage (Case No. 1:12-CR-100, Dkt. No. 270 at 7-13), including, among others, that the government had provided all available discovery, and that Andrews had failed to make a showing that any video evidence had been withheld. Id. at 13, 14. Given the lack of any evidence supporting the motion, Andrews's counsel's decision not to pursue sanctions against the government was reasonable. Nor can Andrews satisfy the prejudice prong as to this issue because he has not shown that, but for his counsel's alleged failure to move to sanction the government, he would have insisted on going to trial.

### D.     Ground Four

Finally, Andrews asserts that his counsel failed to "subject the government's case to a meaningful adversarial process" by "repeatedly" advising him of the "very real possibility" of execution (Dkt. No. 37 at 9-10). This claim of ineffective assistance of counsel, however, is contradicted by Andrews's sworn testimony during the Rule 11 colloquy that he understood he was giving up his right to go to trial and to challenge the government's case with regard to his guilt (Dkt. No. 44-2 at 26-28). He also testified that no one had threatened him, coerced him, or attempted to force him to plead guilty. Id. at 33. At the conclusion of the Rule 11 colloquy this Court found Andrews's

**ANDREWS V. UNITED STATES** 1:16CV60
1:12CR100

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED
§ 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

guilty plea to have been freely and voluntarily made. Id. at 34.

Andrews's claim is also belied by abundant evidence in the record that his counsel actively pursued pretrial motions and discovery, including motions to suppress evidence, compel discovery and disclosure of Brady material, obtain a bill of particulars, dismiss the indictment, and various others (Case No. 1:12-CR-100, Dkt. Nos. 140, 141, 142, 204, and 196). This activity, which went on for years, constitutes reasonably professional conduct under Strickland. Moreover, counsel's advice to Andrews about his exposure to a death sentence upon conviction of murder is not an extraordinary circumstance that would undermine the truth of Andrews's sworn statements or counsel's active advocacy. Indeed, smuch information was necessary to Andrews's ability to enter an informed and voluntary plea.

In his reply, Andrews claims that being informed that the "worst case scenario is a conviction with a death penalty" . . . "shows improper pressure" being put on him by his counsel (Dkt. No. 47 at 13). But in reality, communications about the potential of a sentence of death establish that his counsel ensured, as they were required to do, that Andrews was aware of all possible outcomes, even the most dire, prior to making his decision about whether to go to trial or plead guilty. Notably, at his plea hearing, Andrews

14

**ANDREWS V. UNITED STATES** 1:16CV60
 1:12CR100

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED
§ 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

stated that he understood that, as part of his plea agreement, the government had agreed not to pursue the death penalty (Dkt. No. 44-2 at 24). Thus, at the time of his guilty plea, Andrews clearly understood the real possibility that the outcome at trial could have been a murder conviction and sentence of death.

## V. EVIDENTIARY HEARING

In § 2255 petitions, a hearing is not necessary when records in a case establish that a petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Lemaster, 403 F.3d at 221-22. Additionally, "Rule 11 is intended to produce a complete record of the factors relevant to the voluntariness of the guilty pea and, thereby, to forestall subsequent controversy as to the voluntariness." Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). The decision to hold a hearing is left to the discretion of the Court. Id. Here, as discussed, evidence in the record, especially from Andrews's Rule 11 hearing, is conclusive on the issues of ineffective assistance of counsel and the voluntariness of his plea, and the Court need not hold an evidentiary hearing.

## VI. CONCLUSION

In conclusion, for the reasons discussed, the Court:

- **DENIES as MOOT** Andrews's original § 2255 motion (Dkt. No. 1);

ANDREWS V. USA                                              1:16CV60
                                                            1:12CR100

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED
§ 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

- **DENIES as MOOT** his motion for DNA testing (Dkt. No. 5);

- **DENIES as MOOT** his motions to expand the record (Dkt. Nos. 25, 26, 27, 28, 29);

- **DENIES** his amended § 2255 motion (Dkt. No. 37);

- **DENIES as MOOT** his motion to obtain[s] [sic] former counsel records (Case No. 1:12-CR-100, Dkt. No. 650);

- **DENIES as MOOT** his motion to appoint counsel (Case No. 1:12-CR-100, Dkt. No. 719); and

- **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order, to transmit copies of both orders to counsel of record and the pro se petitioner, certified mail, return receipt requested, and to strike this case from the Court's active docket.

## VII. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

**ANDREWS V. USA**                                            1:16CV60
                                                              1:12CR100

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 37] AND DISMISSING CASE WITH PREJUDICE**

28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Andrews has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Andrews has failed to make the requisite showing, and **DENIES** a certificate of appealability.


DATED: September 13, 2019

                                    <u>/s/ Irene M. Keeley</u>
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE